# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| JUANICE GAINES, | ) |
| Movant, | ) ) ) |
| v. | ) Case No. CV611-102 |
| | ) CR608-012 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

Juanice Gaines has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal prison sentence.[1] (Doc. 1.[2]) The government

---

[1] Gaines initially filed a habeas petition pursuant to 28 U.S.C. § 2254. *Gaines v. United States*, No. CV611-091, doc. 1 (S.D. Ga. filed Aug. 5, 2011). The Court recharacterized his case as one brought pursuant to 28 U.S.C. § 2255. *Id.*, doc. 3. It instructed the Clerk to forward Gaines a copy of the standard 28 U.S.C. § 2255 form motion. *Id.* Gaines returned it, but the Clerk mistakenly filed it in a new case number. The Clerk is **DIRECTED** to administratively close CV611-091. The Court will proceed under the new case number, CV611-102.

[2] Unless otherwise noted, citations are to the docket in Gaines' civil § 2255 case, number CV611-102. "Cr. doc." refers to documents filed under his criminal case, CR608-012. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

responds that Gaines' motion is untimely and should be dismissed. (Doc. 4.) The Court agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2255 to require a movant to file a § 2255 motion within one year of the date his judgment of conviction becomes final. 28 U.S.C. § 2255 (f)(1).[3] Here, Gaines was subject to a collateral appeal waiver and did not pursue a direct appeal.[4] (Cr. doc. 275 (plea agreement).) He was sentenced on May 20, 2009, so his conviction became final on June 6, 2009, ten business days later. *See Adams v. United States*, 173 F.3d 1339, 1343 n.2 (11th Cir. 1999) ("If a defendant

---

[3] Gaines asserts that he is also presenting new evidence in the form of an affidavit from Corey West who admitted that he committed the crime. (Doc. 1 at 4.) A § 2255 motion may be filed within one year of the receipt of new evidence. 28 U.S.C. § 2255(f)(4). Here, West signed the affidavits for Gaines in March 2009. (Cr. doc. 327 at 15.) Hence, they are hardly new evidence warranting a delayed starting time for the limitations period.

[4] He did, however, file a renewed motion to withdraw his guilty plea on April 29, 2010, which the Court promptly denied. (Cr. doc. 327; cr. doc. 388 at 47-48 (sent'g tr.) (sentencing judge denied Gaines' initial request to withdraw his plea).) He appealed the motion's denial, and the Eleventh Circuit dismissed his appeal as frivolous on Aug. 19, 2010. (Cr. doc. 389.) That motion was untimely, since it was filed after imposition of the sentence; Gaines was only permitted to proceed by direct appeal or collateral attack. Fed. R. Crim. P. 11(e). The Court is satisfied that the untimely renewed motion to withdraw did not toll the limitations period. *Cf. Barnes v. United States*, 437 F.3d 1074, 1079 (11th Cir. 2006) (Rule 33 motion, even if filed while direct appeal was still pending, does not toll the limitations period).

does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 26(b)(1) (allowing a criminal defendant 10 business days after the entry of judgment to file a notice of appeal). He did not file his § 2255 motion until September 1, 2011, more than two years later.[5]

For all of the reasons explained above, the government's motion to dismiss Gaines' § 2255 motion should be **GRANTED** and this case should be **DISMISSED**. Moreover, applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.

---

[5] Gaines' 28 U.S.C. § 2254 petition, filed on August 5, 2011, was still untimely. *Gaines*, No. CV611-091, doc. 1 (petition) & doc. 3 (order).

3

Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  4th  day of October, 2011.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA